IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Zahra Gilak, | NO. CR 01-00325 JW |
| Petitioner, | NO. C 10-01401 JW |
| v. | **ORDER TO SHOW CAUSE RE.** |
| United States of America, | **PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255** |
| Respondent. | |

## I. INTRODUCTION

Presently before the Court is Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, which the Court construes as a Petition for Writ of Habeas Corpus. (hereafter, "Petition," Docket Item No. 303.)[1] Petitioner is acting *pro se.*

According to Petitioner, on February 28, 2006, Petitioner was convicted of "securities fraud" and "money laundering." (Petition at 2.) In a letter dated March 13, 2006, the jury foreman of Petitioner's jury wrote to the Court to discuss "the jury's reasoning for our verdict," and in particular expressed his view that Petitioner "had only a small fraction of the involvement of the other parties and her sentence should reflect this."[2]

---

[1] All docket citations in this Order are to the criminal case, No. CR 01-00325 JW. Although this Petition was filed on March 26, 2010, no action had been taken on the Petition. The case was reassigned to Chief Judge Ware on March 2, 2011. However, due to an oversight in the Court's filing system, the case has just been brought to Judge Ware's attention.

[2] (See Petition, Ex. A, Letter to Judge Walker.) On March 16, 2006, November 8, 2006, and November 21, 2006, the jury foreman wrote additional letters to Judge Walker discussing Petitioner and her sentence. (See id.; see also Docket Item Nos. 246, 249.)

On April 7, 2007, Petitioner was sentenced to 51 months in prison for violations of Aiding and Abetting Securities Fraud, 15 U.S.C. § 78j(b) & 78ff and 18 U.S.C. § 2, and Aiding and Abetting Money Laundering, 18 U.S.C. §§ 1956(a)(1)(A)(I) & (2). (See Docket Item No. 258.) On February 19, 2009, the Ninth Circuit affirmed Petitioner's conviction. (See Docket Item No. 290.) On March 27, 2009, the Ninth Circuit issued its mandate to this Court. (See Docket Item No. 293.) On April 29, 2009, the Court approved a Stipulation providing that Petitioner would surrender to the custody of the Bureau of Prisons on June 1, 2009. (Docket Item No. 295.)

On March 26, 2010, Petitioner filed this Petition.

## II. DISCUSSION

**A.    Standard of Review**

A prisoner who is in custody under the sentence of a federal court and who claims the right to be released may move the court to vacate, set aside, or correct the sentence on the grounds that (1) the sentence violates the Constitution or laws of the United States; (2) the court did not have jurisdiction to impose the sentence; or (3) the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255. The court shall issue an order directing the respondent to show cause why the motion should not be granted unless it plainly appears from the "motion and the files and records of the case . . . that the prisoner is entitled to no relief." Id.

Section 2255(f) further provides as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1)    the date on which the judgment of conviction becomes final;
(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

For purposes of the period of limitation provided by § 2255, a judgment becomes "final" ninety days after the circuit court issues its decision on a petitioner's direct appeal. See Carrington v. United States, 503 F.3d 888, 892 (9th Cir. 2007).[3]

### B. Petitioner's Claims

As a preliminary matter, the Court must determine whether Petitioner's claim is time-barred under the applicable statute of limitations. As discussed above, the Ninth Circuit issued its order affirming Petitioner's conviction on February 19, 2009. This judgment became "final," for purposes of § 2255, ninety days later, i.e. on May 19, 2009. See Carrington, 503 F.3d at 892. Thus, the statute of limitations on the Petition ended on May 19, 2010. Therefore, because the Petition was filed on March 26, 2010, the Court finds that Petitioner's Motion is not time-barred by the one-year statute of limitations period provided in Section 2255(f).

With respect to Petitioner's substantive claims, Petitioner contends that she received ineffective assistance from counsel, insofar as her counsel, *inter alia*, failed to request an evidentiary hearing pertaining to the letters from the jury foreman, thereby depriving her of her Sixth Amendment right to a trial by an impartial jury. Liberally construed, Petitioner's claim appears cognizable under § 2255 and merits a response from Respondent. Accordingly, the Court orders Respondent to respond to Petitioner's claims and show cause why the motion should not be granted.

### III. CONCLUSION

The Court ORDERS as follows:

1. The Clerk shall serve by mail a copy of this Order and the Petition and all attachments upon Respondent and Respondent's attorney, the United States Attorney for the Northern District. The Clerk shall also serve a copy of this Order on the Petitioner.

---

[3] See also United States v. Valdez-Santos, No. CR S-02-104-LKK GGH, 2011 WL 2224849, at *2 (E.D. Cal. June 7, 2011) (explaining that, for purposes of § 2255, a petitioner's "conviction [becomes] final 90 days following issuance of the Ninth Circuit's opinion," as that is when the period for filing a petition of writ of certiorari with the Supreme Court expires).

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an Answer, showing cause why a writ of habeas corpus should not be granted.

3. If Petitioner wishes to respond to the answer, she shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of her receipt of the Answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an Answer. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30) days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15) days** of receipt of any opposition.

5. It is Petitioner's responsibility to prosecute this case. It is Petitioner's responsibility to provide the Court with Petitioner's current address. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. She must comply with the Court's Orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Dated: February 7, 2012

JAMES WARE
United States District Chief Judge

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Doron Weinberg doronweinberg@aol.com
Nina Wilder ninawilder@aol.com
Adam A. Reeves adam.reeves@usdoj.gov
Candace Kelly Candace.Kelly@usdoj.gov
Timothy Paul Crudo timothy.crudo@usdoj.gov

Zahra Gilak
#96675-011
Dublin Federal Correctional Institution
5701 8th St.
Dublin, CA 94568

**Dated:  February 7, 2012**                                          **Richard W. Wieking, Clerk**

                                                                                        **By:      /s/ JW Chambers            **
                                                                                                 **Susan Imbriani**
                                                                                                 **Courtroom Deputy**